UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| GORDON TANNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:13-cv-00021 |
| | ) |
| AMERICAN BONDHOLDER | ) Chief Judge Sharp |
| FOUNDATION, LLC and | ) |
| JONNA Z. BIANCO, | ) |
| | ) |
| Defendants/Third Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CAPITAL BOND ASSOCIATES, LLC, et al. | ) |
| | ) |
| Third-Party Defendants. | ) |

## ORDER

This matter came before the Court for a Show Cause Hearing on July 6, 2015. Based upon the pleadings, filings, statements of counsel, and record as a whole, the Court makes the following findings and holdings:

1. The Plaintiff, Gordon Tanner, filed this lawsuit to recover 469 Chinese bonds on March 13, 2013. [DE # 1.] The complete and accurate list of serial numbers on the bonds sought by Mr. Tanner was amended and clarified through later findings, including Defendants' Answer [DE # 51], the May 5, 2014 Affidavit of Mr. Tanner [DE # 58], Plaintiff's Answer to Defendants' Counterclaim [DE # 61], Plaintiff's Notice of Filing [DE # 62], Defendants' Notice of Filing Bonds [DE # 76], Plaintiff's Response to Motion to Amend [DE #143], and additional filings by Plaintiff and Defendants. A complete and final list of the bonds sought by Mr. Tanner (hereinafter, the

"Tanner Bonds") is attached to this Order as <u>Exhibit A</u>. The Tanner Bonds were deposited by Defendants with the Clerk of the Court on July 17, 2015 and/or March 25, 2015, by Order of this Court.

2. After Defendants' motion, Plaintiff's response and a hearing, the Court found the Power of Attorney and Agreements between Plaintiff and Defendants to be revocable and null and void in light of Plaintiff's repeated attempts to secure possession of the Tanner Bonds. (December 6, 2013 Memorandum [DE # 39].)

3. The Defendants filed an Answer and later a Third-Party Complaint for Interpleader in order to notify all third parties that Defendants' records and knowledge indicated could possibly claim any interest in the Tanner Bonds. In addition, the Defendants moved to deposit an additional 1816 bonds with the Court. The Court held a hearing on March 2, 2015, to consider Defendants' motions, service of Third-Party Defendants, and a timetable for resolution of any issues related to the Tanner Bonds.

4. In its March 6, 2015 Order after that hearing, the Court allowed the Third-Party Complaint and the depositing of the additional 1816 bonds with the Clerk of the Court. (March 6, 2015 Order [DE # 124] at ¶ 1.)

5. Furth, the March 6, 2015 Order set forth a specific timeline for service: "Within SIXTY (60) DAYS of the date of this Order, all Third Party Defendants shall be properly served with the Third Party Complaint." (March 6, 2015 Order [DE # 124] at ¶ 3(b).) The Court further required that a copy of its March 6, 2015 Order be included with that service or, if service had already occurred, that a copy be mailed separately on all Third Party Defendants. (*Id.*) Thereby, the Court ensured that all possibly interested parties would have the opportunity to assert any claim to the Tanner Bonds.

6. Finally, in its March 6, 2015 Order, the Court also addressed Mr. Tanner's request for immediate release of his bonds, as set forth in his February 11, 2015 motion. [DE # 117.] Based upon that motion, arguments of counsel, and the record as a whole, the Court held as follows:

> On Monday, July 6, 2015 at 1:30 p.m., the Court will hold a SHOW CAUSE HEARING in Cookeville, Tennessee, during which time the Court will hear any objection to returning to Plaintiff Gordon Tanner the "Tanner bonds" which have previously been deposited into the Court's registry.

(March 6, 2015 Order [DE # 124] at ¶ 3.)

7. The Defendants filed multiple green cards demonstrating service upon Third-Party Defendants. Following Defendants' service, only one Third-Party Defendant filed an answer to the Third-Party Complaint [DE # 116] and another responded to a subpoena [DE # 137, 139, 142]. Neither of these Defendants to make an appearance asserted any claim to the Tanner Bonds nor disputed Mr. Tanner's ownership of those bonds or right to immediate release of those bonds.

8. After the notice set forth above, the Court held the SHOW CAUSE HEARING on July 6, 2015. No individual or entity filed any objection and no individual or entity appeared at the hearing to assert any claim to the Tanner Bonds or to dispute Mr. Tanner's immediate right to those bonds.

It is, therefore, **ORDERED**, **ADJUDGED** and **DECREED** as follows:

A. Mr. Tanner is the proper and legal owner of the 469 Tanner Bonds listed and identified by serial number in <u>Exhibit A</u> to this Order, free and clear of any claims by the Defendants, Third-Party Defendants, and any other party who is aware of or has received notice of this cause of action.

B. Mr. Tanner is entitled to judgment declaring that he is the legal and rightful owner of the Tanner Bonds.

C. The Court orders the Clerk and Master immediately to release the Tanner Bonds, as identified in <u>Exhibit A</u> hereto, to Mr. Tanner or his attorney(s) of record in this matter.

D. Costs associated with this Order are taxed to Defendants.

It is SO ORDERED.

_____
KEVIN H. SHARP
CHIEF UNITED STATES DISTRICT JUDGE